# Exhibit 6

## Severance Agreement

## SEVERANCE AGREEMENT AND RELEASE

This Severance Agreement and Release ("Agreement") is entered into between Shamara Boines ("Employee"), Pharmaco, Inc and AccessPoint, its successors, predecessors, parents, subsidiaries, affiliates, related entities and partnerships ("Employer").

A.   Whereas, effective October 17, 2019, Employee separated from her employment with Pharmaco, Inc;

B.   Whereas, Employee acknowledges and agrees that all fringe benefits provided by the Employer, including health insurance coverage, cease as of October 31, 2019;

C.   Whereas, Employee acknowledges and agrees that she has been fully compensated for all wages and fringe benefits to which she is entitled under the Employer's policies, customs, plans, practices or any alleged contract;

D.   Whereas, Employee acknowledges and agrees that she is physically and mentally able to perform all duties of her current position and has received all leaves of absence that she may have been entitled to; and

E.   Whereas, the parties are willing to amicably resolve any and all matters relative to any relationship between Employee and Employer, including the employment relationship and the separation from employment, and enter into this Agreement based upon the following terms:

1.   **Consideration.** Employer agrees to pay Employee $▮▮▮▮ less withholdings for federal, state and local payroll and income taxes. This payment will be made at normal intervals based on Employer's payroll practices and will begin on the first payday after the date this Agreement becomes effective. The amount includes bi-weekly salary of $▮▮▮▮ and $150 bi-weekly health coverage stipend for a period of three months. Employee agrees she is not otherwise entitled to this payment under any contract, agreement, policy, custom, plan or practice of the Employer and that is paid by the Employer solely in light of business considerations and desire to amicably resolve and release all claims.

2.   **Release of All Claims.** In return for the consideration set forth in Paragraph 1 above, Employee on behalf of herself, her heirs, legal representatives, agents and assigns, releases, waives and forever discharges the Employer and its successors, predecessors, parents, subsidiaries, affiliates, related entities, past and current officers, directors, members, board members, employees, agents, benefit plans and plan administrators, sureties, attorneys and assigns in their official and individual capacities (the "Released Parties") from all known and unknown claims, demands, and causes of action of any kind or nature, in law, in equity or administrative proceedings, including those based upon the employment of Employee or her separation from employment.

1 of 5

Without limiting the generality of the foregoing, this Release includes, by way of illustration and not of limitation, any claim of breach of an express or implied contract, discrimination of any kind, violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans With Disabilities Act, the Family and Medical Leave Act, the Equal Pay Act, the Elliott-Larsen Civil Rights Act, the Persons With Disabilities Civil Rights Act, the Michigan Whistleblowers' Protection Act, the Michigan Wage and Fringe Benefits Act and any and all other claims of statutory violation, tortious conduct, breach of contract, or other civil or administrative claims, whether known or unknown, arising from any cause whatsoever, up to the date of the signing of this Agreement.

Employee acknowledges and agrees that she is aware statutes exist that render null and void releases and discharges of any claims, rights, demands, liabilities, actions and causes of action which are unknown to the releasing and discharging party at the time of execution of the release and discharge. Employee hereby expressly waives, surrenders and agrees to forego any protection to which she otherwise would be entitled against the Released Parties by virtue of the existence of any such statute in any jurisdiction, including, but not limited to, the State of Michigan.

Nothing in this Agreement shall prevent Employee from filing an administrative charge with the Equal Employment Opportunity Commission or a similar State agency. However, in the event Employee files such an administrative charge, Employee agrees she is not entitled to and waives any right to recover damages or obtain any other form of relief.

3. **Covenant Not to Sue.** Employee, for herself, her heirs, executors, administrators, successors and assigns agrees not to bring, file, charge, claim, sue or cause, assist, or permit to be brought, filed, charged or claimed any action, cause of action or proceeding regarding or in any way related to any of the claims released by her under Paragraph 2 of this Agreement. Employee also agrees that this Agreement is, will constitute and may be pleaded as a bar to any such claim, action, cause of action or proceeding, and that in the event Employee files a claim in violation of this paragraph, she shall be responsible for paying Employer's attorney fees and costs in defending such claim.

4. **No Reemployment.** Employee agrees that she has no rights to reemployment, recall or rehire with the Employer, any of the other Released Parties and/or their parents, subsidiaries, successors, predecessors or related entities. Employee also agrees that she will not in the future apply for, seek or accept reemployment with the Employer, any of the other Released Parties and/or their successors, subsidiaries, affiliates, related companies or after acquired entities.

5. **No Admission of Liability.** This Agreement is entered into for the purpose of compromise and settlement of any disputed claims between Employee and the Employer. The execution hereof and the consideration set forth in Paragraph 1 shall not constitute or be deemed an admission of liability by the Employer of any wrongdoing.

6. **Return of Company Property.** On or before the date of her execution of this Agreement, Employee agrees to return to the Employer all documents, reports, files, memoranda, records, keys, identification cards, computer access codes, software, computer files, PDAs, company vehicles, cell phones, or any other physical or personal property that she received or prepared or helped to prepare in connection with her employment and which she has in her possession. Employee represents that she has not retained and will not retain any copies, duplicates, reproductions or excerpts of these materials. Employee further agrees to maintain confidentiality as to all client matters and files that she worked on or had access to during the course of her employment.

7. **Confidentiality.** Employee agrees that she will keep the terms of and amounts paid under this Agreement confidential and will not disclose these matters to anyone, except: (a) her attorneys, accountants, tax advisors or to immediate family members who agree to abide by this confidentiality provision; (b) to the extent necessary to report income to appropriate taxing authorities as expressly required by law; or (c) in response to a specific court order, subpoena or legal process signed by a judge with competent jurisdiction which orders the disclosure of the nature, content, substance, conditions or specific terms of the Agreement.

8. **No Disparaging, Untrue or Misleading Statements.** Employee agrees that she will not make any disparaging, untrue or misleading written or oral statements about or relating to the Released Parties or any agent, employee or person acting on behalf of the Released Parties.

9. **No Damage to Employer's Business.** Employee agrees not to: (i) disclose any trade secret or confidential information belonging to the Employer that Employee learned while employed; (ii) adversely interfere with the relationships between Employer and its customers, clients, suppliers or employees; and/or (iii) take any action having the effect of damaging the business reputation of the Employer.

10. **No Voluntary Assistance.** Employee agrees that she will not voluntarily encourage, assist, participate in or testify on behalf of any individual or current or previous employee of the Employer in the course of any threatened or instituted litigation, administrative proceeding or arbitration. Employee agrees that she will not discuss or comment, or give or prepare any writing involving any issue arising out of any litigation, administrative proceeding or arbitration in which the Employer is or shall become involved without having been so authorized, in writing, by counsel for the Employer or by virtue of an order issued by a court of competent jurisdiction. If served with an order or a valid subpoena that would or might reasonably require such disclosure, Employee agrees to

immediately inform the Employer, in writing, by contacting Courtney Felice. Violation of this provision will constitute a material and actionable breach of this Agreement.

11. **Not Evidence.** This Agreement is entered into for the purpose of compromise and settlement of any disputed claims between the Released Parties and Employee and may not be used as evidence in any action, except an action to enforce this Agreement. The execution of this Agreement and consideration set forth in Paragraph 1 shall not constitute or be deemed an admission of liability by Released Parties of any wrongdoing.

12. **Severability.** If any provision of this Agreement shall be found by a court to be invalid or unenforceable, in whole or in part, then such provision shall be construed and/or modified or restricted to the extent and in the manner necessary to render the same valid and enforceable, or shall be deemed excised from this Agreement, as the case may require, and this Agreement shall be construed and enforced to the maximum extent permitted by law, as if such provision had not been originally incorporated herein. Upon a finding by a court, administrative agency or other tribunal of competent jurisdiction that any release, waiver or covenant contained in this Agreement is void, illegal or unenforceable, Employee agrees to promptly execute a release, waiver or covenant that is legal and enforceable.

13. **Waiver.** A waiver by the Employer of a breach of any provision of this Agreement by Employee shall not operate or be construed as a waiver or estoppel of any subsequent breach by Employee. No waiver shall be valid unless in writing and signed by an authorized officer of the Employer.

14. **Miscellaneous Provisions.**

    a. Employee represents and certifies that she has carefully read and fully understands all of the provisions and effects of this Agreement, has knowingly and voluntarily entered into this Agreement freely and without coercion, and acknowledges that she has consulted with an attorney prior to executing this Agreement.

    b. Employee represents that neither the Employer nor its agents, representatives or attorneys has made any representations concerning the terms or affects of this Agreement other than those contained in the Agreement itself.

    c. Employee understands, agrees and deems that the consideration exchanged for the various releases, covenants and agreements contained herein is sufficient and apportionable and waives any and all rights to assert any claim of lack of sufficiency and/or apportionability of consideration.

15. **Integration and Complete Agreement.** This Agreement represents the entire agreement between the Released Parties and Employee regarding the termination of her employment, with the exception of any non-compete, non-solicitation and/or

confidentiality agreements, which shall remain in full force and effect. There are no other oral or written promises which have been made to Employee. The parties agree that this Agreement can only be modified in writing and signed by Employee and the President of the Employer.

16. **No Assignment.** Employee agrees and acknowledges that she has not made and will not make an assignment of any claims that are being released or discharged by this Agreement.

17. **Successors and Assigns.** This Agreement shall be binding upon and shall inure to the benefit of Employee, her heirs, executors, administrators and beneficiaries, and shall be binding upon and inure to the benefit of Employer and its successors and assigns.

18. **Applicable Law.** This Agreement shall be governed by the laws of the State of Michigan. Any claims arising out of this Agreement shall be filed and heard in a Michigan state court or a federal district court sitting in Michigan (in the event that the jurisdiction of a federal court is appropriate). Employee agrees that regardless of where she may reside, process may be served on her in accordance with the provisions of the Michigan Court Rules or Federal Rules of Civil Procedure regarding service of process.

**SHAMARA BOINES ACKNOWLEDGES THAT SHE HAS READ THIS AGREEMENT, UNDERSTANDS ITS TERMS AND ENTERS INTO IT VOLUNTARILY.**

Signed and Agreed:

_____          Date:_____
**Shamara Boines ( Employee)**


_____          Date:_____
**Pharmaco, Inc ( Employer)**