UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAMARA BOINES,

    Plaintiff,

v.

JARS CANNABIS, LLC, RAYMOND ABRO, and JARS HOLDINGS, LLC d/b/a JARS CANNABIS,

    Defendants.
_____/

Case No. 2:21-cv-13010
District Judge George Caram Steeh
Magistrate Judge Kimberly G. Altman

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S THIRD MOTION TO COMPEL (ECF No. 44)

### I.

This is an employment case. Plaintiff Shamara Boines (Boines) is suing Defendants JARS Cannabis, LLC; JARS Holdings, LLC d/b/a JARS Cannabis (JARS); and Raymond Abro for race, sex, and sexual orientation discrimination under both federal and state law as well as for violation of a state statute called the COVID-19 Employee Rights Act and state public policy. *See* ECF No. 1. Boines worked for JARS as a compliance officer from March 2020 until July 2020.

Under 28 U.S.C. § 636(b)(1)(A), non-dispositive pretrial matters were referred to the undersigned. (ECF No. 23).

1

Before the Court is Boines' Third Motion to Compel.  (ECF No. 44).  JARS filed a response, (ECF No. 48), and the parties filed a joint statement, (ECF No. 51).  An in-person hearing was held on March 21, 2023.

For the reasons that follow, the motion will be GRANTED IN PART and DENIED IN PART.

## II.

The discovery requests at issue are Interrogatory No. 2 and Request for Production No. 2:

> • Interrogatory No. 2: Identify the JARS facilities that failed Michigan Cannabis Regulatory Agency ("MRA") inspections after Plaintiff was no longer responsible for preparing facilities for inspections.  For each identified inspection provide: facility name, physical address, MRA record number, type of MRA license sought (including those for provisioning centers and/or marihuana retailers), inspection date, date MRA notified JARS it failed the inspection, why JARS failed the inspection, name of person(s) responsible for preparing the facility for inspection, name of person listed on the l licensing application for the facility, and whether MRA subsequently granted JARS a license.
>
> • Request No. 2: All correspondence JARS received from Michigan Cannabis Regulatory Agency ("MRA") for failed facility inspections that took place after Plaintiff was no longer responsible for preparing facilities for inspections to the present.

Boines says the information is relevant to refute any contention that she was terminated for performance issues, namely JARS failing inspections during the time of her employment.

JARS says that the request is overbroad and irrelevant.  JARS further says

that under a prior agreement with counsel related to discovery, it offered to produce, and did produce, inspection reports for the six months prior to Boines' employment began and for the six months after her employment ended.  JARS also offered the testimony of Hanna Casperson (Casperson), a former JARS employee who began working in compliance in January of 2021.  Casperson testified that during 2021, JARS was inspected about 15 to 20 times and only one inspection found a deficiency and that deficiency was corrected.

### III.

The scope of discovery permits a party to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  The scope, however, may be "limited by court order," *id.*, meaning it is within the sound discretion of the Court.  *See State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 704 (E.D. Mich. 2017) ("Further, a court has broad discretion over discovery matters . . . and in deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and an order of the same is overruled only if the district court finds an abuse of discretion.") (internal citation omitted).  Moreover, discovery is more

liberal than even the trial setting, as Rule 26(b) allows discovery of information that "need not be admissible in evidence." Fed. R. Civ. P. 26(b)(1).

If a party believes that another party is not complying with discovery requests, then it may file a motion to compel. Motions to compel are governed by Fed. R. Civ. P. 37(a)(3)(B), which states, "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection."

IV.

As noted above, JARS has already produced inspection reports for the six months before and after Boines' employment. Further, Casperson testified that in 2021 there was only one inspection which found deficiencies. Although it is not clear where that inspection took place, given Casperson's testimony that only one report was deficient and the low threshold for discovery, JARS shall produce the one inspection report about which Casperson testified. Boines will then have all of the inspection reports through 2021, which is over a year beyond her employment and more than sufficient to assist in proving her claims. JARS shall produce the inspection report within 20 days of entry of this order.

SO ORDERED.

Dated: March 23, 2023  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 23, 2023.

                                                s/Carolyn Ciesla
                                                CAROLYN CIESLA
                                                Case Manager